IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DANIEL FOLEY,   No. 3:16-cv-02240-HZ

    Plaintiff,   OPINION & ORDER

    v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.


Robyn M. Rebers
Robyn M. Rebers, LLC
P.O. Box 3530
Wilsonville, Oregon 97070

    Attorney for Plaintiff

//

1 - OPINION & ORDER

Billy J. Williams
United States Attorney, District of Oregon
Janice E. Hébert
Assistant United States Attorney
United States Attorney's Office
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902

Lisa Goldoftas
Social Security Administration
SSA Office of the General Counsel
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98105-7075

       Attorney for Defendant

HERNÁNDEZ, District Judge:

Plaintiff Daniel Foley seeks judicial review of the Social Security Commissioner's final decision denying his application for Social Security Disability Insurance ("DIB") and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act. 42 U.S.C. §§ 401–33, 1281–83f. Because the Commissioner's decision contains legal error and the record is not fully developed, the decision is reversed and remanded for further administrative proceedings.

## BACKGROUND

Plaintiff has a high school education and was 54 years old on the alleged disability onset date of July 1, 2010 (thus an individual closely approaching advanced age), and was 57 years old (an individual of advanced age) when he filed his application for benefits on September 16, 2013. Tr. 16, 23, 110, 112.[1] Plaintiff's application was denied initially and upon reconsideration. A hearing was held before Administrative Law Judge ("ALJ") Vadim Mozyrsky on October 22, 2015. Tr. 25. ALJ Mozyrsky issued a decision on December 7, 2015, in which he found Plaintiff

---

[1] Citations to "Tr." refer to pages of the administrative record transcript, filed here as Docket No. 12.

not to be disabled. Tr. 20. Plaintiff sought review by the Appeals council, but was denied, making ALJ Mozyrsky's decision the final decision Plaintiff now challenges in this Court. Tr. 8.

## SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated according to a five-step procedure. *Baxter v. Sullivan*, 923 F.2d 1391, 1395 (9th Cir. 1991). The claimant bears the burden of proving disability. *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989). First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; *see* 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

At step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; *see* 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled. If he cannot perform past relevant work, the burden shifts to the Commissioner at step five.

At step five, the Commissioner must establish that the claimant can perform other work which exists in the national economy. *Yuckert*, 482 U.S. at 141-42; *see* 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). Here, the ALJ considers the "vocational factors" of the claimant's age, education, and past work experience, along with the claimant's RFC, to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. *Barnhart v. Thomas*, 540 U.S. 20, 25 (2003); 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c). If the Commissioner meets its burden and proves that the claimant is able to perform other work, he is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

The ALJ determined that Plaintiff met the insurance status requirements of the Act through March 31, 2015. Tr. 18. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, the ALJ found that Plaintiff's congestive heart failure, obesity, and lumbago were severe impairments. *Id.* Furthermore, at step three the ALJ found that Plaintiff's impairments did not meet or equal a listed impairment. Tr. 19. Next, the ALJ determined that Plaintiff had the RFC to perform the full range of light work. Tr. 19–20. At step four, the ALJ determined that Plaintiff could not perform any past relevant work. Tr. 23.

At step five, the ALJ concluded that given Plaintiff's age, education, work experience, and RFC, he had work skills that were "transferable to other occupations with jobs existing in significant numbers in the national economy[.]" Tr. 24. Specifically, the ALJ found that Plaintiff's skills were transferrable to the "representative occupation" of short-order cook and he could also perform the jobs of production assembler, assembler electrical accessories I, and bottle packer. *Id.* The ALJ concluded that Plaintiff was not disabled under the Act. Tr. 25

STANDARD OF REVIEW

The court may set aside the Commissioner's denial of benefits only when the Commissioner's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995). Substantial evidence means "more than a mere scintilla" but "less than a preponderance[.]" *Id.* It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). If the evidence is susceptible to more than one reasonable interpretation, the court must uphold the decision. *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995). A reviewing court must consider the entire record as a whole and cannot affirm the Commissioner by simply isolating a specific quantum of supporting evidence. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citation omitted).

DISCUSSION

Both parties agree that the ALJ committed reversible error by incorrectly applying the grids and failing to adequately support his step-five determination. Furthermore, both parties agree that Rule 202.07 would require a finding of disabled if Plaintiff, as a person of advanced age, has skills that were transferrable to only a single occupation. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.00(c) (incorporated into Rule 202.07). However, the parties disagree on the proper disposition of this case. Plaintiff argues that the VE unambiguously stated that Plaintiff had skills transferrable to only the occupation of short-order cook, and thus an immediate award of benefits is required. Defendant disagrees, arguing that short-order cook was given as a

representative occupation and that further proceedings are necessary to determine whether Plaintiff's skills are transferrable to other occupations.

Social security cases may be remanded for additional proceedings or for an award of benefits. *Harman v. Apfel*, 211 F.3d 1172, 1177–78 (9th Cir. 2000). The Ninth Circuit applies the "credit-as-true" rule for determining which form of remand is proper. *Garrison*, 759 F.3d at 1020. Each of the following must be satisfied to justify an immediate award of benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Id.* Even if those requirements have been met, the district court retains the flexibility to remand the case for further proceedings, particularly where the record as a whole creates serious doubts that the claimant is disabled. *Burrell*, 775 F.3d at 1141. The "ordinary remand rule" is "the proper course" except in rare circumstances. *Treichler v. Comm'r Soc. Sec. Admin*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quotation marks and citation omitted).

Under Rule 202.07, an individual of advanced age is not disabled if: (1) he has at least a high school education; and (2) his previous work experience was skilled or semi-skilled, as long as he has transferable skills. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.07. However, Rule 202.00(c), referenced in a footnote in Rule 202.07, requires a finding of disabled under certain circumstances:

> However, for individuals of advanced age who can no longer perform vocationally relevant past work and who have a history of unskilled work experience, or *who have only skills that are not readily transferable to a significant range of semi-skilled or skilled work that is within the individual's functional capacity*, or who have no work experience, the limitations in vocational adaptability represented by functional restriction to light work warrant a finding of disabled.

20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.00(c).

At Plaintiff's administrative hearing, the following exchange took place between the ALJ and VE regarding whether Plaintiff had skills transferrable to other occupations:

> ALJ: Can you please classify the past job?
>
> VE: Yes. He was a cook, 313.361-014, medium level work, skilled with an SVP of 7. That is his work history as classified.
>
> ALJ: Would any of the skills one would learn as a cook transfer to the light level of exertion?
>
> VE: Yes, there's some lighter level cook jobs that exist. It really would depend on the restaurants and some of the job duties. The claimant's description of stocking shelves that would otherwise be towards medium level is an accurate description of much of the cook work in the labor market.
>
> ALJ: So are there any skills one would learn as a cook that would transfer to jobs in the light, misunderstood, are there light jobs that would transfer, the skills would transfer to?
>
> VE: Yes. For example short-order cook, 313.374-014, light level work, semiskilled with an SVP of 3.
>
> ALJ: And which skills would transfer to that job?
>
> VE: I think the ability to review an order, the ability to understand how to use cooking utensils, master loads, you know, those sorts of things. The ability to work with kitchen helpers, the ability to potentially supervise and/or at least direct the actions of colleagues and coworkers, people in the front, people in the back, those sorts of things.
>
> ALJ: Please assume a hypothetical individual with the past job as described, for this one this individual is limited to a range of light, lifting 20 pounds occasionally, 10 pounds frequently, carrying 20 pounds occasionally, 10 pounds frequently. Sitting up to six hours in an eight-hour day and standing and walking up to six hours total in an eight-hour day, pushing and pulling as much as lifting and carrying. The hypothetical individual would be -based on that would such an individual be able to perform the past job as a cook?

| | | |
|---|---|---|
| VE: | No. | |
| ALJ: | Would such an individual be able to perform the jobs of short-order cook? | |
| VE: | Per the DOT, yes. | |
| ALJ: | And would there be any other jobs at the light level that such an individual would be able to perform? | |
| VE: | Based on transferable skills or in general? | |
| ALJ: | If there are any transferable skill jobs, definitely, but also generally. | |
| VE: | [provides the names of three light-level jobs that Plaintiff could perform not based on transferable skills: production assembler; assembler, electoral accessories I; and bottle packer]. | |

Tr. 51–52. The ALJ concluded that Plaintiff was not disabled given his RFC, age, education, and transferable work skills by direct application of Medical-Vocational Rule 202.15 and Rule 202.07. Tr. 25. The ALJ relied on the VE's testimony that a Plaintiff could perform the "representative occupation" of short-order cook, as well as the three occupations not based on transferable skills. Tr. 24.

The Ninth Circuit has interpreted the "significant range of semi-skilled or skilled work" requirement in Rule 202.07 to require more than a single occupation. *Lounsburry v. Barnhart*, 468 F.3d 1111, 1117 (9th Cir. 2006). In *Lounsburry*, the Ninth Circuit reviewed a Social Security decision in which an ALJ had misapplied the grids to a claimant who had previously worked as a home health aide. *Id.* at 1113. During a hearing before the ALJ, a VE testified that the claimant could not return to her job, but had "past work [that] was semi-skilled and involved skills transferable to other work" *Id.* at 1113. The VE further testified that Plaintiff's skills were transferrable to "precisely one occupation." *Id.* The ALJ found that the claimant was not


| | |
|---|---|
| VE: | No. |
| ALJ: | Would such an individual be able to perform the jobs of short-order cook? |
| VE: | Per the DOT, yes. |
| ALJ: | And would there be any other jobs at the light level that such an individual would be able to perform? |
| VE: | Based on transferable skills or in general? |
| ALJ: | If there are any transferable skill jobs, definitely, but also generally. |
| VE: | [provides the names of three light-level jobs that Plaintiff could perform not based on transferable skills: production assembler; assembler, electoral accessories I; and bottle packer]. |

Tr. 51–52. The ALJ concluded that Plaintiff was not disabled given his RFC, age, education, and transferable work skills by direct application of Medical-Vocational Rule 202.15 and Rule 202.07. Tr. 25. The ALJ relied on the VE's testimony that a Plaintiff could perform the "representative occupation" of short-order cook, as well as the three occupations not based on transferable skills. Tr. 24.

The Ninth Circuit has interpreted the "significant range of semi-skilled or skilled work" requirement in Rule 202.07 to require more than a single occupation. *Lounsburry v. Barnhart*, 468 F.3d 1111, 1117 (9th Cir. 2006). In *Lounsburry*, the Ninth Circuit reviewed a Social Security decision in which an ALJ had misapplied the grids to a claimant who had previously worked as a home health aide. *Id.* at 1113. During a hearing before the ALJ, a VE testified that the claimant could not return to her job, but had "past work [that] was semi-skilled and involved skills transferable to other work" *Id.* at 1113. The VE further testified that Plaintiff's skills were transferrable to "precisely one occupation." *Id.* The ALJ found that the claimant was not

disabled, as she could transition to another occupation that existed in the national economy. *Id.* at 1113, 1117.

In reviewing that decision, the Ninth Circuit noted that "[w]here a claimant suffers only exertional limitations, the ALJ must consult the grids." *Id.* at 1115 (citing *Cooper v. Sullivan*, 880 F.2d 1152, 1155 (9th Cir.1989)). The court held that the ALJ had failed to adequately consider Rule 202.00(c), under which "[the claimant] will be disabled if [her transferable] skills are not readily transferable to a significant range of semi-skilled or skilled work." *Id.* at 1116–17 (internal quotations omitted). Reasoning that the plain language of "significant range of . . . work" required multiple occupations, the court held that a single occupation to which the claimant's skill would transfer was insufficient. *Id.* at 1117. Therefore, the court held that the claimant was disabled under the grids and eligible to receive benefits. *Id.* at 1117–18.

Here, both parties agree that the ALJ erred in not properly considering the effect of Rule 202.00(c). The ALJ improperly concluded that Plaintiff was not disabled based on having skills transferrable only to the occupation of short-order cook. However, the parties disagree about *Lounsburry* disposition and application to this case. Plaintiff argues that *Lounsburry* controls and the VE's testimony was unambiguous given that he never "referenced a plurality [of] occupations, nor did he testify that there were other semi-skilled or skilled jobs which Plaintiff could perform." Pl.'s Resp. 2, ECF 17. Defendant contends that the VE's testimony was unclear and further proceedings are required to determine whether Plaintiff's skills were transferrable to other occupations.

Unlike *Lounsburry*, where the VE had clearly testified that there was "precisely one occupation" to which the claimant's skills could transfer, here, the VE's testimony is ambiguous. When asked if "there [are] any skills one would learn as a cook that would transfer to jobs in the

light, misunderstood, are there light jobs that would transfer, the skills would transfer to," the VE responded: "Yes. For example short-order cook." Tr. 51. The VE's testimony is ambiguous and could be interpreted VE to mean either that "short-order cook" was a representative occupation or that it was the only occupation to which Plaintiff's skills could transfer. Therefore, based on this record, a ruling of disabled may not be required and further proceedings are necessary to obtain additional VE testimony.

CONCLUSION

The Commissioner's decision is reversed and remanded for further administrative proceedings. The Court finds the testimony of the VE is ambiguous and the ALJ's questioning of him incomplete. Accordingly, the Court remands this case for further proceedings. Upon remand, the Court directs the ALJ to reassess Plaintiff's RFC and solicit additional testimony from a VE to determine whether Plaintiff has skills that are transferrable to other occupations that exist in significant numbers in the national economy.

IT IS SO ORDERED.

Dated this 21 day of November, 2017.

_____
MARCO A. HERNÁNDEZ
United States District Judge